**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DONALD C. M.,** | ) | |
| | ) | **No. 25 C 14236** |
| **Plaintiff,** | ) | |
| | ) | **Magistrate Judge M. David Weisman** |
| **v.** | ) | |
| | ) | |
| **FRANK J. BISIGNANO,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Donald C. M. appeals the Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

**Background**

On January 12, 2022, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 17-30.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform ("RFC") his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from the alleged disability onset date of June 30, 2021 through June 30, 2022, his date last insured (DLI). (R. 19.) At step two, the ALJ found that, through the DLI, plaintiff had the severe impairments of peripheral neuropathy of the bilateral lower extremities and history of alcohol use disorder. (R. 20.) At step three, the ALJ found that, through the DLI, plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (R. 22.) At step four, the ALJ found that, through the DLI, plaintiff had no past relevant work but had the RFC to perform sedentary work as defined in the regulations using a hand-held assistive device for effective ambulation, he could never climb ladders, ropes, or scaffolds, he could occasionally climb ramps, stairs, stoop, kneel, crouch, crawl, and balance, and avoid concentrated exposure to vibration and hazards including dangerous moving machinery and unprotected heights. (R. 22-23,

28.) At step five, the ALJ found that, through the DLI, jobs existed in significant numbers in the national economy that plaintiff could have performed, and thus he was not disabled. (R. 28.)

Plaintiff argues that the Commissioner failed to meet his step 5 burden of showing that there are jobs plaintiff can do despite his limitations. He contends that the vocational expert's (VE's) testimony, on which the ALJ relied, that plaintiff can perform the jobs of telemarketer, order clerk, and polisher (R. 87), is insupportable given the RFC for sedentary work as set forth in the regulations. The regulations define sedentary work as that which "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a). Plaintiff contends that a sedentary job requires sitting for a maximum of six hours of an eight-hour workday.

But the regulations do not set a *maximum* number of sitting hours for sedentary jobs. Rather, they say that sedentary jobs "involve sitting" and may require occasional standing and walking. *Id.*; *see* SSR 83-10, 1983 WL 31251, at *5 (S.S.A. 1983) (stating that "[o]ccasionally means occurring from very little up to one-third of the time" and "at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday and sitting should generally total approximately 6 hours of an 8-hour workday"). There is no regulation or guidance that says sedentary work cannot involve sitting more than six hours of a workday. Thus, the Court rejects this argument.

Plaintiff also argues that the RFC is flawed because it was based on the ALJ's improper evaluation of the opinion of consultative examiner, Dr. Dilip Patel, and a faulty assessment of plaintiff's subjective symptoms. The Court finds neither argument to be persuasive.

Dr. Patel opined as follows:

> Motor system, significant balance problem and Romberg sign positive and walking slowly, carefully with a cane and standing with widely open feet. Sensory revealed diminished touch sensation of distal legs and feet. Proprioception normal. Deep-tendon reflexes are 2/4 in upper extremities and 4/4 in lower extremities. Gait, uses cane. Not safe to walk without it. . . . ["P]laintiff]] [c]an sit for two hours, can walk one block with a cane, lift 5 pounds, carry 5 pounds carefully as requires a cane with other hand.

(R. 1402-03.) The ALJ said this about Dr. Patel's opinions:

> After conducting a consultative examination, Dilip Patel, MD, opined that the claimant could lift and carry 5 pounds, sit for 2 hours, and walk 1 block with a cane (B3F/4). This opinion is only partially supported by clinical observation at the exam, where the claimant exhibited full active range of motion in all extremities with normal grip and generally normal physical function except for a notable balance problem and diminished sensation in the lower extremities, with notable difficulty in some postural functions due to lower extremity weakness (B3F/2-3, 5). These clinical observations do not support the degree of assessed limitations and do not support any limitation in sitting. This opinion is also only partially consistent with treatment records consistently reflecting full range of motion and generally intact physical function except for generalized weakness and lower extremity neuropathy requiring cane use.

(R. 26) (citations omitted).

Plaintiff contends that the ALJ wrongly rejected Dr. Patel's opinion because "the ALJ's personal opinion that certain abnormal findings are outweighed by other, normal, findings that can be culled from the record is a mere assertion, and a conclusory assertion at that, with no attempt made to support the foundation for such a statement." (ECF 18 at 12.) But weighing evidence is precisely what an ALJ is supposed to do. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004) ("Weighing conflicting evidence from medical experts, however, is exactly what the ALJ is required to do.") (citing *Books v. Chater*, 91 F.3d 972, 979 (7th Cir. 1996)); *see Worzalla v.*

*Barnhart*, 311 F. Supp. 2d 782, 788 (E.D. Wis. 2004) ("[I]t is the ALJ who has the duty to weigh the evidence, resolve material conflicts, make independent findings of fact and determine the case accordingly.") (citing *Richardson*, 402 U.S. at 399–400). Because substantial evidence supports the ALJ's assessment of the evidence, he cannot be faulted for how he weighed it.

Plaintiff also argues that the ALJ wrongly evaluated his reported symptoms. First, plaintiff asserts that the ALJ should have acknowledged "the agreement between Dr. Patel's opinion and Plaintiff's statements that he is not able to consistently engage in full time, sustained, and competitive employment." (ECF 18 at 10.) However, plaintiff's statements and the doctor's opinion would agree only if the ALJ accepted Dr. Patel's opinion that plaintiff can only sit for two hours. He did not. Rather, the ALJ said the two-hour sitting limitation to which Dr. Patel opined was inconsistent with plaintiff's treatment records, which did not show "contemporaneous reports or clinical observation of difficulty sitting during the period at issue." (R. 25.)

Plaintiff also contends that the ALJ's symptom evaluation was flawed because it was based on his "failure to correctly evaluate the evidence." (ECF 18 at 8.) That is a backhand request for the Court to reweigh the evidence, which is something we cannot do. *See Powers v. Apfel*, 207 F.3d 431, 434–35 (7th Cir. 2000) ("[T]his Court may not decide the facts anew, re-weigh the evidence or substitute its own judgment for that of the Commissioner to decide whether a claimant is or is not disabled.") (citing *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999)).

Plaintiff also faults the ALJ for failing to consider his twenty-seven year work history in evaluating plaintiff's symptoms. *See* 20 C.F.R. § 404.1529(c)(3) ("We will consider all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your medical sources, and observations by our employees and other persons" in evaluating your subjective symptom allegations). It is true that the ALJ did

not address plaintiff's work history in the decision. But "an ALJ is not required to discuss every regulatory factor in his decision." *Cynthia Q. v. O'Malley*, No. 22 C 50401, 2024 WL 383671, at *3 (N.D. Ill. Feb. 1, 2024). In fact, "[t]he Seventh Circuit has explicitly held that sections of the social security regulations which require an ALJ to *consider* evidence do not equate to a requirement to *discuss* the same." *Lauren B. v. Bisignano*, No. 25-cv-4866, 2026 WL 1283888, at *5 (N.D. Ill. May 11, 2026) (emphasis in original). Accordingly, the ALJ's failure to discuss plaintiff's work history is not a basis for remand.

**Conclusion**

For the reasons set forth above, the Court affirms the Commissioner's decision and terminates this case.

**SO ORDERED.** **ENTERED: October 20, 2026**

M. David Weisman

**M. David Weisman**
**United States Magistrate Judge**